IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
    v.                          *    CR 113-056
                                *
JESSE JEFFERSON FLOURNOY III    *

O R D E R

Defendant Jesse Jefferson Flournoy III was sentenced on June 12, 2014, following his jury conviction on several counts of theft of public money and aggravated identity theft as well as a single count of conspiracy to defraud the United States. (See Judgment & Commitment Order, Doc. 120.) At sentencing, Flournoy received the benefit of a U.S.S.G. § 5K1.1 motion based upon his cooperation with the United States Government. His sentence was later reduced based upon his continued assistance to the Government under Federal Rule of Criminal Procedure 35(b). (See Order of Nov. 5, 2015.)

In January 2018, Flournoy filed a motion seeking a reduction of sentence based on two grounds. The authority of a district court to modify a criminal sentence once it has been imposed is narrowly limited by 18 U.S.C. § 3582(c). Section 3582(c) provides three exceptions, however, two of which Flournoy invokes in his motion. First, Flournoy seeks a further reduction under Rule 35(b)

based upon his alleged substantial assistance. See 18 U.S.C. § 3582(c)(1)(B). Second, Flournoy contends that he is entitled to relief based upon an amended guideline range applicable to his offense of conviction. See id. § 3582(c)(2). The Court will address each ground in turn.

**Rule 35(b)**

Rule 35(b) allows sentence reductions but only upon motion of the Government. Thus, according to the plain language of this rule, this Court lacks jurisdiction to reduce Flournoy's sentence unless such motion is made by the Government. The decision to file a motion for downward departure lies within the sound discretion of the Government. United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997).

A federal district court may review the government's refusal to file a Rule 35(b) motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. Wade v. United States, 504 U.S. 181, 185-87 (1992); see United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) ("[J]udicial review is appropriate only 'when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.'" (quoted source omitted)). If a defendant fails to make such showing, a district court may not compel the government

2

to provide reasons or otherwise judicially inquire of the government's motives even if the defendant provided substantial assistance. Wade, 504 U.S. at 186.

In the present case, Flournoy has neither made a showing nor argued that the failure to file a Rule 35(b) motion was unconstitutionally motivated.[1] As mentioned, the Government has already filed a § 5K1.1 and a Rule 35(b) motion, and the Court has granted relief. In fact, Flournoy's assistance with respect to two of the three names he mentions in his present motion was specifically discussed as a basis for the Government's Rule 35(b) motion at the hearing on November 5, 2015. Thus, he has already received consideration for his assistance respecting these two individuals.[2]

In sum, in the absence of a Rule 35(b) motion by the Government or a substantial showing that the Government acted with unconstitutional motive in its failure to file a Rule 35(b) motion, the Court has no authority to reduce Defendant's sentence. Accordingly, his present motion must be denied on this ground.

---

[1] In fact, Flournoy "believes that no malice or intent was committed by the Government for failing to file for a Rule 35(b) sentence reduction." (Def.'s Mot., Doc. 150, at 9.)

[2] Flournoy moves to seal the instant motion. Because he provides details about his assistance, the motion (doc. 150) shall remain **UNDER SEAL**.

3

### Guideline Range

Section 3582(c)(2) provides that a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). In his motion, Flournoy points to a Second Circuit decision, United States v. Leonard, 844 F.3d 102 (2d Cir. 2016), as authority for the proposition that he is entitled to a sentence reduction because his guideline range has been lowered. The problem with Flournoy's argument is that Leonard addresses the Amendments to the United States Sentencing Guidelines that address the Drug Quantity Table in U.S.S.G. § 2D1.1. Flournoy was not convicted of a drug offense. Accordingly, the amended guidelines discussed in the Leonard case have absolutely nothing to do with Flournoy's sentence. Further, Flournoy has not cited a sentencing guideline amendment that affected the guideline range under which he was sentenced for crimes of conspiracy to defraud the United States, theft of public money, and aggravated identity theft. Accordingly, he has not established that he is entitled to relief under 18 U.S.C. § 3582(c)(2).

### Conclusion

This Court has no inherent power outside of the enumerated exceptions in 18 U.S.C. § 3582 to modify a term of imprisonment. Flournoy has not established that he is entitled to relief pursuant

4

to one of these exceptions. Accordingly, his motion for sentence reduction (doc. 150) is **DENIED**. The Clerk is directed to **TERMINATE** Flournoy's motion for status update (doc. 168).

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of November, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA