IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-056 |
| | * | |
| JESSE JEFFERSON FLOURNOY III | * | |

ORDER

Before the Court is Defendant Jesse Jefferson Flournoy III's motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. Upon due consideration, the Court denies Flournoy's motion.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances" if such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13.

The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Flournoy may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Flournoy presents no medical evidence that he meets either of these criteria. However, Flournoy does present evidence that he suffered from pulmonary emboli in January 2019. The Government has presented a much fuller picture of Flournoy's health in its supply of more recent prison medical records.

2

The Government points out that what may have been a serious pulmonary condition in January 2019 no longer seems to exist. The Government notes that once Flournoy was placed on medication, a chest X-ray showed his lungs were clear in February 2019 and no pulmonary modules were identified. (See Gov't Resp. in Opp'n, Doc. 172, at 12-13 and records cited therein.) More recently, in April 7, 2020, a CT scan of his chest showed no pulmonary emboli. Flournoy denied any shortness of breath or pain. (Id.) A "D-Dimer test" performed on March 30, 2020 revealed that there is a low likelihood of a pulmonary embolism. (Id.) In short, Flournoy does not appear to have a chronic lung condition that would be considered to place him at greater risk of becoming severely ill should he contract COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on July 17, 2020) (listing COPD). It is best remembered that Flournoy bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).

At this point, the Court cannot conclude that Flournoy suffers from a medical condition that, in conjunction with COVID-19, places him at an increased risk that he could not engage in self-care

within the BOP facility or from which he may not recover. Moreover, the Court particularly notes that the facility in which Flournoy is imprisoned, FCI Texarkana, has reported only two positive tests for COVID-19 and no confirmed *active* cases. See www.bop.gov/coronavirus/index.jsp (last visited July 16, 2020). In short, Flournoy has not carried his burden to show "extraordinary and compelling circumstances" individually qualify him for compassionate release.

Upon the foregoing, Defendant Jesse Jefferson Flournoy III's motion for compassionate release (doc. 171) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA